UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Vicki Sober; David Sternal; William
and Kimberly Newgren; James and
Kathleen Kinney; Brian and Kristine
Schmidt; Kent and Heidi Madson;
Roger and Nancy Rymer; Phyllis
Huber; Ann Vorarath; Diane L.
Severson; Christopher and Jennifer
Stanley; Charles and Cheryl
Bangasser; Alan and Michelle Stano;
Mark Rode; Elliott Benincasa; Peter
and Teresa Freeland; Craig Stowell;
Kevin and Diedre Mullen; Patrick and
Pamela McDonald; Peter Costa; Brad
Frank; Margaret Cavanaugh; Jack and
Theresa Hennen; Dominic and Diane
Daninger; Greg and Mitra Murphy;
David and Carol Reischl; Alan
Pendleton; Jan M. Emter; Robert
S. Smrekar; Rizwan Mulla; Eric
Heinith; Michael T. MacDonald; Mark
and Cathy Sportelli; Robert Denzer;
Gretchen VanDenberg; John Thielen;
John MacDonald; Tom Mauren; Mitchell
and Michelle Muhich; Randy and Laurie
Gelner; Wendy Hartman; Michelle King;
Scott Ingram; and Scott Carlson,

Plaintiffs,

vs.

Joseph A. Cole and Jim W. Abbott,
individually and d/b/a J&J Acquisitions,
LLC; Geoffrey Thompson; Nancy
Thompson; Progressive Home Services,
Inc., a Minnesota corporation d/b/a
IPM Realty; Progressive Home Services,
Inc., a Minnesota Corporation d/b/a
Investment Properties of Minnesota;
J&J Investment Properties of Minnesota,
LLC, a Minnesota limited liability
company; and Amerifunding Group, LLC,
a Minnesota limited liability company,

                    Defendants.      Civ. No. 06-3682 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. § 636(b)(1)(B), and upon the routine supervision of cases in this District.

On September 11, 2006, the Defendants Geoffrey and Nancy Thompson filed

a Notice of Removal with the Clerk of Court, upon the assertion that Federal Court

Jurisdiction is present under Title 28 U.S.C. §1332(a)(1).  See, <u>Docket No. 1</u>, at ¶4.

On September 15, 2006, they subsequently filed a Notice to withdraw their previously

filed Notice of Removal.  See, <u>Docket No. 3</u>.  While the basis for the Defendant

- 2 -

Thompsons' second filing is unclear, we construe their submission as a request for a remand of this action back to the State Court from whence it came.

In relevant part, Title 28 U.S.C. §1441(a), which governs the removal of State Court matters to Federal Court, provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Following removal, a case will be remanded to State Court "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction * * * *.'" Lundeen v. Canadian Pacific Railway Co., 342 F. Supp.2d 826, 828 (D. Minn. 2004), quoting Title 28 U.S.C. §1447(c). "In reviewing a Motion to Remand, the District Court must resolve all doubts in favor of a remand to State Court, and the party opposing a remand bears the burden of establishing Federal jurisdiction." Peterson v. BASF Corporation, 12 F. Supp.2d 964, 968 (D. Minn. 1998), citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Masepohl v. American Tobacco Co., 974 F. Supp. 1245, 1249 (D. Minn. 1997).

Based upon the relevant pleadings, there does not appear to be any dispute that complete diversity of citizenship is lacking, between each of the Plaintiffs, and the Defendants. For purposes of establishing Federal jurisdiction, diversity of citizenship exists only "where no defendants hold citizenship in a state where any plaintiff holds citizenship." Capitol Indemnity Corp. Inc. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004), citing Owen Equipment & Erection v. Kroger, 437 U.S. 365, 373 (1978). Here, it clearly appears from the Complaint, that some of the Plaintiffs, as well as some of the named Defendants, reside, or are domiciled, in the same State, namely Minnesota. See, Complaint, at ¶¶1-7.

Therefore, complete diversity of citizenship, which is required under Section 1332(a)(1), does not exist in this case. Id. ("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is a complete diversity of citizenship."), citing Title 28 U.S.C. §1332(a). Moreover, as the Defendants Geoffrey and Nancy Thomson reside in Minnesota, see, Complaint, at ¶4, they are barred by Section 1441(b) from removing a State court action to this Court as Defendants. See, Title 28 U.S.C. §1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); see also, Caterpillar Inc. v.

- 4 -

Lewis, 519 U.S. 61, 68 (1996); Motion Control Corp. v. SICK, Inc., 354 F.3d 702,

705 (8th Cir. 2003); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992).

Accordingly, we find it unequivocal, on the basis of the face of the Notice of

Removal and its appended papers, that this action is not properly removable from the

State Courts, and therefore, the action must be summarily remanded to the Minnesota

District Court for the Fourth Judicial District, in Hennepin County, Minnesota.[1]

NOW, THEREFORE, It is --

RECOMMENDED:

That this matter be summarily remanded to the Minnesota District Court for the

Fourth Judicial District, in Hennepin County, Minnesota.

Dated:  September 27, 2006                 s/Raymond L. Erickson
                                           Raymond L. Erickson
                                           CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and

D. Minn. LR72.2, any party may object to this Report and Recommendation by filing

_____

[1]We limit our discussion to a defect in removal that is both facial, and fatal, and
we do not suggest, let alone hold, that the removal would otherwise be appropriate.

with the Clerk of Court, and by serving upon all parties **by no later than October 16, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 16, 2006** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.